ARMSTRONG, Judge,
dissents with reasons:
For the following reasons I respectfully dissent from the majority’s decision.
Four of the eight Lauritzen-Rhoditis factors must be considered as favoring neither U.S. or Panamanian law. The accessibility of the foreign forum, which I do not *856 consider relevant; the law of the forum, which favors neither choice of law; the place of the wrongful act, which was in or off the coast of Africa; and the base of operations of the shipowner, which respondent submits is Africa and which does not in any case, appear to be the United States.
Two factors favor the application of Panamanian law. The vessel is flagged Panamanian, and the allegiance of the shipowner, Marine Contractors, Inc., appears to be Panamanian.
Two factors favor the application of U.S. law. The contract or contracts were signed in the United States, and more importantly, relator is a U.S. citizen. In Symonette Shipyards, Ltd. v. Clark, 365 F.2d 464 (5th Cir.1966), cert. denied, 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967), cited by relator, the seaman was a U.S. citizen, the injury occurred in the Bahamas, and the ship on which the seaman was working was flagged Bahamian and owned by a Bahamian. The contract entered into by the principals in the shipping venture — not the seaman — was made in the United States. The court held that the most important choice of law factor was the nationality of the injured seaman. Rejecting an argument that the law of the flag must govern under Lauritzen, the court held that the trial court properly applied U.S. law. Symo-nette has not been explicitly overruled by either the U.S. Fifth Circuit or the U.S. Supreme Court.
In the instant case relator stated in his affidavit that at the time of his contracting for employment he understood that all of his rights and benefits would be under U.S. law, that he would have “every right” that a fellow-employee working in the U.S. would have, and that he would not be subject to the laws of African countries “nor any other foreign country.”
Relator stated that he was never informed that his rights as a seaman or employee would be under the laws of Panama. He was led to believe that if he was hurt as a crew member while working for respondent all of his rights would be "American rights.” He believed the D/B 14 was owned, “legally or by bareboat charter,” by McDermott International, Inc., which he knew to be a subsidiary of McDermott, Inc., a U.S. corporation. Relator maintains that he had no knowledge of any relationship the vessel had with Panama, insofar as its operations, navigation, custody, possession, and control were concerned. Relator also stated that his supervisor, James Moore, indicated that wherever he worked, he worked for McDermott, Inc., a U.S. corporation. An excerpt from Moore's deposition supports this last assertion — Moore himself believed this.
In the affidavit, relator further states that at the time of his accident on the high seas off the coast of Africa there were no Panamanian seamen or Panamanian nationals aboard the D/B 14 or the vessel which was being offloaded. Relator stated that at the time of this accident and beforehand, these vessels were manned by employees of McDermott, Inc.
The weight to be accorded to any of the eight Lauritzen-Rhoditis factors must be considered in the totality of the circumstances of each particular case. Riveria v. Offshore Crews, Inc., 595 F.Supp. 628 (E.D.La.1984). The underlying objective of applying the Lauritzen [Rhoditis ] factors is to effectuate the liberal purposes of the Jones Act. Hellenic Lines, Ltd. v. Rhoditis, supra. The national interest is served by the assertion of Jones Act jurisdiction. Hernandez v. Naviera Mercante, C.A., 716 F.Supp. 939 (E.D.La.1989).
Given the facts in the instant case, I do not find Schexnider v. McDermott all that persuasive. While the law of the flag is to be given great weight, as in Symonette I find relator’s United States citizenship to be a factor which weighs heavily in favor of applying U.S. law. When the circumstances surrounding relator’s complete employment experience are considered, as well as relator’s subjective expectations as to his employment rights, I find that U.S. law must be applied, and believe that the trial court erred in finding otherwise.
Furthermore, if Lauritzen and Rhoditis are limited to the factual circumstances of those cases, the analysis is to be applied only to questions involving foreign seamen. *857 There has been no definitive analysis of this issue insofar as American seamen are concerned, by any court.
For the foregoing reasons, I respectfully dissent from the majority’s decision. I would grant relator’s writ and direct the trial court to apply 46 U.S.C.A.App. Sec. 688 and the general maritime laws of the United States in resolving relator’s claims.
ORDER ON APPLICATION AND PETITION FOR REHEARING
Relator petitions this Court for a rehearing of the granting of his writ application. Rehearings are not heard from such judgments. Rule 2-18.7, Uniform Rules — Courts of Appeal. Relator's request is denied.